IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-31 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| DERIK CAROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I. Introduction

Pending before the Court is the Government's appeal from United States Magistrate Judge Keith A. Pesto's ("Magistrate Judge") order denying the Government's request that Defendant Derik Carothers ("Carothers") be detained pending trial. (ECF No. 129). After *de novo* review of the record in this matter, the Court finds that the Government has presented clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Carothers were released. Accordingly, the Magistrate Judge's order directing Carothers's release, (ECF No. 128), is **REVERSED**.

II. Jurisdiction

The Government filed the instant motion pursuant to 18 U.S.C. § 3145(a), which provides that "[i]f a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order . . . ." 18 U.S.C. § 3145(a)(1). Because the Court has original jurisdiction over the charged offenses set forth in the criminal indictment in this case, 18 U.S.C. § 3231; (ECF No. 1), the Government's appeal is properly before the Court. Moreover, in conducting its review of the

1

appeal, the Court applies a *de novo* standard of review. *See United States v. Delker*, 757 F.2d 1390, 1394–95 (3d Cir. 1985); *United States v. Oliver*, No. 16-40, 2016 WL 1746853, at *4 (W.D. Pa. May 3, 2016).

### III. Background

On December 1, 2020, a grand jury indicted Carothers, charging him with three offenses. At Count One, the grand jury charged him with conspiracy to distribute and possess with intent to distribute a quantity of cocaine base, in the form commonly known as crack, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. At Count Two, the grand jury charged him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). And at Count Four, the grand jury charged him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1 at 1–2, 4).

On January 13, 2021, Carothers appeared before the Magistrate Judge for an initial appearance, arraignment, and detention hearing. (ECF Nos. 27, 28). There, Carothers pleaded not guilty to Counts One, Two, and Four of the Indictment. (ECF No. 28). Although Carothers was serving an unrelated term of imprisonment for a state court sentence, the Magistrate Judge ordered that he be detained pending trial in this matter. (ECF No. 29 at 3).

On July 5, 2023, Pretrial Services filed a report (the "PTS Report") recommending that Carothers be detained because there were "no conditions or combinations to reasonably assure the safety of the community or [his] appearance in court." (PTS Report at 10).[1] The PTS Report

---

[1] The "Assessment of Danger" portion of the report set forth the following reasons that Carothers poses a risk of danger: (1) "The defendant is charged with Conspiracy to Distribute and Possess with Intent to Distribute a Mixture or Substance Containing Cocaine Base, in the Form Commonly Known as Crack, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Possession of a Firearm and

also outlined a release plan under which Carothers, if released, would reside with his mother, whom Pretrial Services found to be an appropriate third-party custodian.² (*Id.* at 2).

On July 6, 2023, the Magistrate Judge held a second detention hearing. (ECF No. 128). The Magistrate Judge found that the evidence of a facially appropriate release plan rebutted the presumption of detention applicable to Carothers. (ECF No. 132 at 3). The Magistrate Judge also found that the Government had failed to prove by clear and convincing evidence that no condition or combination of conditions could reasonably assure the safety of the community. (*Id.* at 25–27). In so concluding, the Magistrate Judge found that Carothers's juvenile criminal behavior did not compel detention, and that conditions of release could be crafted that would limit any danger to the community. (*Id.* at 25–26). Accordingly, the Magistrate Judge ordered Carothers be released pending trial to home confinement in the custody of his mother with the conditions that he seek employment, be subject to curfew, and not use alcohol or any controlled substances. (*Id.* at 26–27).

The Government appealed the Magistrate Judge's release order, and the Magistrate Judge stayed his release order pending disposition of the instant appeal before the Court. (*Id.* at 27; ECF

---

Ammunition by a Convicted Felon"; (2) "The defendant has a history of marijuana use"; (3) "The defendant has incurred new charges while released on bail on multiple occasions"; (4) "The defendant has numerous charges involving violence, including assault"; (5) "The defendant has multiple repeat offenses, including drug-related charges, assault, and weapons-related offenses"; (6) "Criminal History"; (7) "Safety Concerns for the Community"; and (8) "The defendant has a history of charges, including the instant offense, involving weapons." (PTS Report at 9).

² The Court notes that there was some initial confusion regarding where Mr. Carothers would reside relative to his mother if released. At the July 6, 2023, hearing before the Magistrate Judge, the Government expressed concern that the PTS Report indicated that Carothers would reside in La Belle, Pennsylvania, and his mother lived in Luzerne, Pennsylvania—which is located across the commonwealth from La Belle. (*See* ECF No. 132 at 4). However, Carothers clarified to the Magistrate Judge that Carothers's mother resides in La Belle, and that the PTS Report's indication to the contrary was "just an error." (*Id.* at 5). Carothers confirmed this during the August 8, 2023, hearing before the Court. (*See* ECF No. 138 at 32).

No. 129). The Court held a hearing on the Government's appeal of the Magistrate Judge's order on August 8, 2023. (ECF Nos. 136, 138).

## IV. Legal Standard

In this case, which involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" and "an offense under [18 U.S.C.] section 924(c)," there is a rebuttable presumption in favor of pretrial detention. 18 U.S.C. § 3142(e)(3)(A)–(B). To rebut this presumption, "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is relatively light and has been construed as easy to meet. *U.S. v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994). The Court must consider the factors delineated in 18 U.S.C. § 3142(g) to determine whether the defendant rebutted the presumption of detention, including:

(1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance or is a crime involving a firearm;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (a) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (b) whether at the time of the current offense, the defendant was on probation or completion of a sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's pretrial release.

18 U.S.C. § 3142(g).

"If the defendant rebuts the presumption, the burden of persuasion remains with the government." *Chagra*, 850 F. Supp. at 357 (citing *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985)). The Government is then required to prove (1) that the defendant poses a flight risk by a preponderance of the evidence; or (2) that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence. *United States v. Kolonis*, No. 2:20-cr-146, 2020 WL 5253192, *3 (W.D. Pa. Sept. 3, 2020). The § 3142(g) factors again guide the Court's analysis of whether the government has met its burden.

## V. Discussion

For the purposes of this motion, the Court has reviewed the PTS Report, the transcript of Carothers's July 6, 2023, detention hearing before the Magistrate Judge, (ECF No. 132), the Government's Notice of Appeal, (ECF No. 129), the transcript of the August 8, 2023, hearing on this appeal, (ECF No. 138), the Government's exhibits offered at the August 8 hearing, (Government Exhibits 1–7), the exhibits offered by Carothers at the August 8 hearing, (Defendant's Exhibits 1–2), Carothers's brief in opposition to the Government's appeal, (ECF No. 139), and the exhibits offered along with Carothers's brief (Defendant's Exhibits A–C). After carefully reviewing the entire record in this case, the Court makes the following findings.

### A. Evidence Presented by Carothers to Rebut the Presumption of Detention

As an initial matter, the Court finds that there is probable cause to believe that Carothers committed the offenses with which he is charged in the Indictment. *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) (finding that an "indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)"). As

5

previously stated, Carothers is charged with conspiracy to distribute and possess with intent to distribute a quantity of cocaine base, and possession of a firearm in furtherance of a drug trafficking crime.[3] (ECF No. 1 at 1–2). These charges raise the rebuttable statutory presumption that no condition or combination of conditions will reasonably assure Carothers's appearance in Court and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A)–(B).

Generally, evidence "relating to the defendant's moral integrity, respect for the law, or personal reliability . . . is not only helpful, but is often crucial to an effective rebuttal of the statutory presumption[.]" *United States v. Santiago-Pagan*, No. 1:08-cr-424-1, 2009 WL 1106814, at *18–19 (M.D. Pa. Apr. 23, 2009) (citing *Chagra*, 850 F. Supp. at 358).

As to risk of flight, Carothers has presented evidence that he is a lifelong resident of the Western District of Pennsylvania and would live with his mother in La Belle, Pennsylvania—whom Pretrial Services approved as a third-party custodian—upon release. (PTS Report at 1–2). Carothers's two sisters also live nearby. (*Id.* at 2). Further, Carothers submitted a letter from his mother's pastor, Douglas Wright, which detailed how the church's ministry team would serve as a resource to him were he to be released. (Defendant's Exhibit 2). This evidence tends to rebut the presumption of detention as it pertains to risk of flight. *See United States v. Anderson*, No. 09-273, 2010 WL 891041, at *11 (W.D. Pa. Mar. 10, 2010) ("The court finds that defendant rebutted the presumption that he was a risk of flight by presenting evidence of, among other things, his family relations and ties to the community.").

---

[3] The Court notes that, as previously stated, Carothers was also charged with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1 at 4). However, that charge does not give rise to a rebuttable presumption of detention.

Turning to the second inquiry, "rebuttal of the presumption of dangerousness requires a showing that defendant's criminality is a thing of the past." *United States v. Santiago-Pagan*, No. 08-cr-0424-01, 2009 WL 1106814, at *18 (W.D. Pa. Apr. 23, 2009). To that end, Carothers argues that living with his mother in a rural area will allow him to escape "from [the] negative influences [of] his younger days." (ECF No. 139 at 2). Moreover, Carothers has offered evidence that—within the last few years of his incarceration—he has received his Secondary School Diploma and completed a Financial Literacy and Back on Track program to help him prepare for life outside of prison. (Defendant's Exhibits A–C). Carothers submits that this all indicates he has recently grown and matured, and that his perspective has shifted. (ECF No. 132 at 22–23).

Considering Carothers's relatively light burden of production, *see Chagra*, 850 F. Supp. at 357, this evidence may be sufficient to rebut the statutory presumption regarding danger to the community. However, even assuming the foregoing evidence rebutted the presumption in this case, the Government persuaded the Court with clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community if Carothers were to be released. *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986) ("The clear and convincing standard does not even operate until the defendant has come forward with some evidence of lack of dangerousness.").

> **B. The Government Has Presented Clear and Convincing Evidence that No Condition or Combination of Conditions Would Reasonably Ensure the Safety of the Community If Carothers Were Released**

As previously stated, assuming Carothers has met his burden of production and rebutted the presumption in favor of detention, the Government would be required to prove that (1)

Carothers poses a flight risk by a preponderance of the evidence;[4] or (2) that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence. *Kolonis*, 2020 WL 5253192, at *3. In concluding that the government has provided clear and convincing evidence showing that no condition or combination of conditions would reasonably ensure the safety of the community if Carothers were to be released, the Court weighs each of the § 3412(g) factors in light of the evidence presented. The Court now addresses each factor in turn.

1. **The Nature and Circumstances of the Offense Charged**

The first factor the Court considers—the nature and circumstances of the offense charged—weighs heavily in favor of Carothers's detention. Carothers is charged with three counts, including conspiracy to distribute and possess with intent to distribute a quantity of

---

[4] The Court notes that the vast majority of evidence presented at both of Carothers's detention hearings revolved around whether he posed a danger to the community—not whether he was a flight risk. Indeed, at Carothers's July 6, 2023, detention hearing, the Magistrate Judge stated that "generally speaking, it doesn't appear that there is a history of flight. It seems like ties to the community are lifelong, family in the area, all that. So let's focus on risk to the community." (ECF No. 132 at 3). Neither party appeared to fundamentally disagree with the Magistrate Judge's assertion, and the parties accordingly argued almost exclusively towards whether Carothers posed a danger to the community.

At the August 8, 2023, detention hearing held before the Court, the Government did aver that Carothers was a "danger to the community and possible flight risk." (ECF No. 138 at 33). And the Government briefly made mention of Carothers's risk of flight twice more throughout the hearing. (*Id.* at 35, 37). Still, the majority of argument went towards potential danger to the community.

Therefore, the Court focuses primarily on the danger-to-the-community inquiry when analyzing the § 3142(g) factors. Although the Court need not reach the issue of whether the government proved by a preponderance of the evidence that Carothers was a flight risk, as the Court finds the Government has met its burden with respect to danger to the community, the Court notes that the Government's evidence—namely, that Carothers was fleeing police in the instant case, (*Id.* at 35), and failed to appear in one of his previous state proceedings, (*Id.* at 36)—tends to support a finding that Carothers is a flight risk by a preponderance of the evidence.

cocaine base and possession of a firearms in furtherance of a drug trafficking crime. (ECF No. 1 at 1–2).

Section 3142(g)(1) specifically directs the Court to consider "the nature and circumstances of the offense charged, including whether the offense . . . involves [a] . . . controlled substance [or] firearm[.]" 18 U.S.C. § 3142(g)(1). Both are present here. The nature of the offenses with which Carothers is charged are, therefore, undeniably serious. *See, e.g., United States v. Burnett*, No. 16-185, 2019 WL 109333, at *20 (W.D. Pa. Jan. 4, 2019) (explaining that the defendant had been indicted for "two very serious offenses"—conspiracy to distribute and possess with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime).

And these offenses are serious in nature not just to the Court, but also to Congress, as both charges carry with them a presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A)–(B). As a result, the first factor weighs heavily in favor of Carothers's detention. *See United States v. Yancey*, No. 22-cr-53, 2022 WL 1321990, at *13–14 (W.D. Pa. May 3, 2022) (finding that "the nature and circumstances of the offense charged in this case are very serious, that they evidence a danger to the community, and that they weigh in favor of pretrial detention[,]" where "the offense at issue involved drug and firearm possession").

2. **The Weight of the Evidence Against Carothers**

The second factor to be considered—the weight of the evidence against Carothers—also weighs in favor of his pretrial detention. The Government has proffered evidence that Carothers fled police at ninety miles-per-hour before crashing into the median. (ECF No. 138 at 5). Carothers

was driving with two passengers in the vehicle: his minor sister and his brother, Isiaha Waulk ("Waulk"). (ECF No. 138 at 4).

Law enforcement retrieved three handguns,[5] an AR-15 style rifle, around one hundred rounds of ammunition, a quantity of crack cocaine, a digital scale, a ski mask, and a bullet proof vest from the vehicle. (Government's Exhibits 3, 5–7; ECF No. 138 at 13–15). Moreover, a Government witness testified that Carothers was charged specifically with a silver handgun found in the vehicle, (Government's Exhibit 3), because it was retrieved from the front compartment where Carothers was sitting, and Carothers was allegedly reaching for that gun as officers tried to extract him from the vehicle. (ECF No. 138 at 10). The Government also submitted several Exhibits, including a video of the chase and ensuing crash and photographs of the firearms retrieved from the vehicle. (Government's Exhibits 1, 3, 5–7).

Throughout his detention hearings, Carothers made several arguments attempting to mitigate the evidence presented against him. For example, Carothers noted that the Government's witness was not present at the scene of the crash underlying Carothers's charges, which the witness admitted on cross-examination. (ECF No. 138 at 22). Regarding the attribution of the silver handgun to Carothers and the allegation that he was reaching for that weapon as law enforcement extracted him from the vehicle, Carothers argues that those allegations are unsupported because the vehicle is on its side throughout the video and therefore any view of

---

[5] The Court notes that one of the handguns found in the car, (Government's Exhibit 6), was analyzed by law enforcement and linked to a 2019 murder in Johnstown, Pennsylvania. (ECF No. 138 at 20). And another handgun—which was retrieved from Waulk's waistband, (Government's Exhibit 5)—was linked to a 2019 aggravated assault in Johnstown, Pennsylvania. (ECF No. 138 at 20). However, the silver handgun that was directly attributed to Carothers could not be analyzed and was therefore linked to no prior criminal activity. (*Id.* at 21).

Carothers is obstructed.[6] (*Id.*). He also contends that the fact that he was "dragged out of the vehicle" makes it unlikely that he was reaching for the silver handgun after the crash. (*Id.* at 23).

Moreover, Carothers asserts that the evidence against him is diminished by the fact that one of the handguns was found in Waulk's waistband and the AR-15 style rifle was in the backseat where Waulk was located. (ECF No. 132 at 11). And he notes that a responding officer testified at a state preliminary hearing that the crack cocaine and digital scale were found on Waulk's person. (ECF No. 138 at 25–26). According to Carothers, these "factual issues" indicate that "there is some question as to what actually happened here." (ECF No. 132 at 12).

While the Court acknowledges that the evidence before it leaves some minor questions unanswered, the weight of the evidence against Carothers remains substantial. None of Carothers's arguments outlined above detract from the fact that Carothers was fleeing police in a vehicle that contained narcotics and multiple firearms accompanied by ammunition. Whether Carothers was reaching for the silver handgun during the subject incident, or where the remaining firearms were found, has little impact on the weight of that evidence. And, as previously mentioned, Carothers's indictment is sufficient to support a finding of probable cause for the three offenses charged. *Suppa*, 799 F.2d at 119. Accordingly, this factor weighs in favor of Carothers's detention.

### 3. Carothers's History and Characteristics

---

[6] The Court notes—after viewing the video at Carothers's detention hearing and reviewing it for the purposes of this appeal—that Carothers is correct as to what the video depicts. The video portrays the vehicle lying on the passenger's side with the bottom of the vehicle facing the camera. (Government's Exhibit 1). As such, one cannot see the officers retrieve the silver handgun attributed to Carothers. The video shows only an officer approaching the far side of the vehicle, yelling "gun, gun" and walking away with the silver handgun portrayed in Government's Exhibit 3.

Turning to the third factor—the history and characteristics of Carothers—he is now twenty-eight years old. (PTS Report at 1). He also recently earned his Secondary School Diploma and completed a Financial Literacy and Back on Track program while incarcerated. (Defendant's Exhibits A–C). Taken alone, these characteristics would generally weigh in favor of pretrial release. But several other characteristics lead the Court to conclude that this factor also weighs in favor of Carothers's pretrial detention.

As outlined in the PTS Report, Carothers has a substantial criminal history. (PTS Report at 3–8). His prior offenses include robbery, assault, burglary, criminal conspiracy, possession of firearms not to be carried without a license (twice), and possession of a controlled substance.[7] (*Id.* at 4–7). This criminal history—which includes violent crimes and crimes involving firearms—weighs in favor of Carothers's detention. *See United States v. Akins*, No. 2:14-cr-270-1, 2016 WL 1322323, at *9–10 (W.D. Pa. Apr. 5, 2016) (finding that a criminal history which included assault, possession of a controlled substance, criminal conspiracy, and person not to possess a firearm, weighed in favor of detention).

Moreover, the Court finds particularly troubling the fact that two of Carothers's previous offenses were committed while he was released on bail. (PTS Report at 6–7). Indeed, Carothers pleaded guilty to possession of firearms not to be carried without a license while out on bail for the same offense. (*Id.* at 5, 7). And, as the Government proffered at Carothers's July 6, 2023, detention hearing, Carothers was serving a sentence of parole/probation when he was indicted in

---

[7] The Court notes, as the Magistrate Judge did at Carothers's July 6, 2023, detention hearing, that several offenses in Carothers's criminal history were either dismissed or withdrawn. (ECF No. 132 at 15). None of the offenses just outlined by the Court in text were dismissed or withdrawn. Nor does the Court give weight to any other offenses that were dismissed or withdrawn throughout its analysis.

this case. (ECF No. 132 at 7). These facts all weigh in favor of Carothers's detention pending trial. *See United States v. Snow*, No. 21-385-14, 2022 WL 267367, at *20–21 (W.D. Pa. Jan. 28, 2022) (finding that the fact that "Defendant's prior interactions with the criminal justice system did not deter him from engaging in additional criminal activity, nor did court-imposed conditions and supervision curb his unlawful behavior" weighed "very strongly against pretrial release").

Carothers's primary argument as to this factor is that his criminal history, save the offenses underlying the current case, stemmed from conduct that transpired before his eighteenth birthday. (ECF No. 139 at 2). Because Carothers is now twenty-eight, he argues that he has matured and developed such that his chances of recidivism are low. (*Id.* at 1–2). Although the Court is sympathetic to such an argument, it remains convinced that, on balance, this factor favors detention. Even where "crimes took place many years ago and [the] Defendant presented evidence that he learned from his mistakes," the fact that Carothers's "criminal history and the charged offense both involved firearms weighs in favor of det[ention]." *United States v. Terry*, No. 3:18-cr-24, 2018 WL 6504370, at *11 (W.D. Pa. Dec. 11, 2018); *see also United States v. Foy*, No. 20-41, 2022 WL 1436969, at *11 (W.D. Pa. Mar. 24, 2020) (reaching the same conclusion on similar facts).

The Court also notes that the Government proffered evidence that Carothers was involved in "a fight that was initiated by intent of stabbing" while incarcerated in 2021. (ECF No. 138 at 16–17; Government's Exhibit 2). Although the Government's witness performed no independent investigation of this incident, he testified that "a few of the victims identified . . . Carothers" in the reports, and he identified Carothers bringing his hand down "in a stabbing motions towards

another individual" in a video depicting the incident. (ECF No. 138 at 28; Government's Exhibit 2). This incident also casts doubt on Carothers's implication that his criminal conduct is a thing of the past.

The Court is further troubled by Carothers's lack of an employment history. (PTS Report at 2). Carothers argues that he has been unable to maintain steady employment due to his incarceration. (ECF No. 132 at 14, 18). But Carothers's lack of meaningful employment, in conjunction with his criminal history, still weighs in favor of his detention. *See United States v. Jeffries*, No. 14-106, 2016 WL 1741380, at *20 (W.D. Pa. May 3, 2016). And the fact that Carothers's prior criminal activity contributed to his lack of employment does not alter this conclusion.

Finally, Carothers contends that his community ties and the fact that his mother has agreed to act a third-party custodian favor his release. (ECF No. 139 at 2; ECF No. 138 at 32). But "the mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions[.]" *United States v. Bey*, No. 15-87, 2015 WL 7176340, at *5 (W.D. Pa. Nov. 13, 2015). Instead, it "is *among* the factors to be considered when evaluating whether release or detention is appropriate in a given case." *Id.* (emphasis added).

Although the fact that Carothers is a lifelong resident of the Western District of Pennsylvania and would reside with his mother in an area where he has ties to the community slightly favors his release, those facts do not outweigh his extensive criminal history, lack of employment history, and the fact that he was serving a sentence of parole/probation when he was charged in the underlying indictment in this case. *See United States v. Duncan*, No. 2:22-cr-00317,

2023 U.S. Dist. LEXIS 138492, at *6 (W.D. Pa. Aug. 9, 2023). Therefore, the Court finds that this factor favors detention.

### 4. Nature and Seriousness of the Danger to the Community

The fourth and final factor directs the Court to consider the nature and seriousness of the danger to any person or the community that would be posed by Carothers's release. As to this factor, Carothers's possession of a firearm in the instant case "creates a very serious risk of danger when combined with drug trafficking." *United States v. Pride*, No. 16-88, 2020 WL 421310, at *12 (W.D. Pa. Jan. 27, 2020). Accordingly, because "the combination of drugs and guns constitutes a very serious danger to the community[,]" this fourth and final factor also weighs in favor of Carothers's detention. *Jeffries*, 2016 WL 1741380, at *6.

## VI. Conclusion

Therefore, after carefully considering the circumstances in this case, the Court finds that the factors set forth in 18 U.S.C. § 3142(g) weigh in favor of detention. Even assuming Carothers proffered sufficient evidence to rebut the presumption in favor of detention, the Government has produced clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Carothers were released. Therefore, the Magistrate Judge's order directing Carothers's release, (ECF No. 128), is **REVERSED**.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-31 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| DERIK CAROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

AND NOW, this 17th day of October, 2023, upon consideration of the Government's appeal from the Magistrate Judge's order denying the Government's request that Carothers be detained pending trial, (ECF No. 129), the Court **HEREBY FINDS** that the Government has produced clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Carothers were released.

IT IS FURTHER ORDERED that the Magistrate Judge's order directing Carothers's release, (ECF No. 128), is **REVERSED.**

IT IS FURTHER ORDERED that Carothers shall remain detained pending further Court order.

BY THE COURT

_Kim R. Gibson_
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**