IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-31-2 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| DERIK CAROTHERS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

I. Introduction

Pending before the Court is Defendant Derik Carothers's ("Carothers") "Motion to Dismiss (Speedy Trial)[.]" (ECF No. 172). The Motion is fully briefed and ripe for disposition. (ECF Nos. 172, 183). For the reasons that follow, Carothers's Motion at ECF No. 172 will be **DENIED**.

II. Background

On December 1, 2020, a federal Grand Jury indicted Carothers and his then co-Defendant, Isiah Waulk ("Waulk"). (ECF No. 1). Count One of the Indictment charges Carothers and Waulk with conspiracy to distribute and possess with intent to distribute a quantity of cocaine base, in the form commonly known as crack, a Schedule II controlled substance. (*Id.* at 1); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. Count Two charges Carothers and Waulk with possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 1 at 2); 18 U.S.C. § 924(c)(1)(A)(i). At Counts Three and Four, Waulk and Carothers, respectively, are separately charged with possession of a firearm and ammunition by a convicted felon. (ECF No. 1 at 3–4); 18 U.S.C. § 922(g)(1).

Carothers and Waulk both had their initial appearances and arraignments before Magistrate Judge Keith A. Pesto ("Judge Pesto") on January 13, 2021. (ECF Nos. 21, 27). There, both pleaded not guilty to the charges against them in the Indictment. (ECF Nos. 22, 28). On January 22, 2021, the Court issued a Pre-Trial Order, setting trial for March 2, 2021. (ECF No. 31). The Court issued an Amended Pre-Trial Order on February 3, 2021, which moved the trial date to May 3, 2021, "in light of Chief Judge Hornak's Administrative Order Concerning Jury Trials and Certain Other Proceedings Relative to COVID-19 Matters (No. 2:20-mc-394, ECF No. 19, updated as of February 2, 2021)[.]" (ECF No. 33).

At the Pre-Trial Conference on April 7, 2021, counsel for both Defendants made a joint oral motion to continue trial until August. (ECF No. 39). Accordingly, the Court issued a second Amended Pre-Trial Order the same day, setting trial for August 16, 2021. (ECF No. 40). In the months that followed, from July 13, 2021, to December 20, 2023, either Carothers or Waulk moved eleven times to continue trial. (*See* ECF Nos. 43, 51, 59, 60, 65, 82, 92, 109, 120, 126, 146, 163). The Court issued Amended Pre-Trial Orders granting those motions to continue each time such a motion was received. (*See* ECF Nos. 44, 52, 62, 66, 85, 95, 110, 121, 127, 150, 165).

In each Amended Pre-Trial Order the Court issued, it found that the time-frame between (1) either the date the Motion to Continue was filed or the date the Amended Pre-Trial Order was issued and (2) the new date set for trial was excludable delay under the Speedy Trial Act. (*Id.*). Specifically, pursuant to the Speedy Trial Act, the Court found that the ends of justice served by granting each continuance outweighed the best interest of the public and Defendants to a speedy trial because the failure to grant such a continuance would unreasonably deny counsel the time

necessary for effective preparation, taking into account the exercise of due diligence. (*Id.*); 18 U.S.C. § 3161(h)(7)(B)(iv).

Relevant to the pending Motion to Dismiss, Carothers filed a "Motion to Dismiss Count IV of Indictment" on October 3, 2023. (ECF No. 149). The next day, the Court issued an Order setting the deadline for the Government's response to Carothers's Motion as November 3, 2023. (ECF No. 152). The Government filed its Response in Opposition on November 3, 2023, (ECF No. 155), and on November 14, 2023, Carothers filed a Reply to the Government's Response in Opposition. (ECF No. 156). Carothers's Motion remains pending.

Moreover, Carothers filed a Motion to Sever on January 26, 2024, (ECF No. 167), which the Court granted on April 5, 2024, (ECF No. 175). Thus, Carothers has been severed from his former co-Defendant Waulk, and the two are scheduled for independent trials. (*Id.*). Carothers's trial is scheduled for May 20, 2024. (ECF No. 177).

On March 21, 2024, Carothers filed the Motion central to this Opinion—his "Motion to Dismiss (Speedy Trial)[.]" (ECF No. 172). The next day, the Court issued an Order setting the deadline for the Government's response as April 15, 2024. (ECF No. 173). The Government filed its Response in Opposition on April 15, 2024. (ECF No. 183).

### III. Discussion

#### A. Relevant Speedy Trial Act Background

The Speedy Trial Act mandates that

> the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). The Act also states that, unless the defendant consents in writing to the contrary, "the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." *Id.* § 3161(c)(2).

However, the Speedy Trial Act contains several carve-outs for what is commonly referred to as "excludable time"—or, as the Act itself describes it, "periods of delay [that] shall be excluded . . . in computing the time within which the trial of any such offense must commence[.]" *Id.* § 3161(h). As relevant to the pending Motion to Dismiss, the Speedy Trial Act categorizes the following as excludable time:

- "[D]elay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;" *Id.* § 3161(h)(1)(D)

- "[D]elay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court"; *Id.* § 3161(h)(1)(H);

- "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"; *Id.* § 3161(h)(6), and

- "Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial[.]" *Id.* § 3161(h)(7)(A).

With respect to the last category of excludable time just listed, the Speedy Trial Act lists four "factors, among others, which a judge shall consider in determining whether to grant a continuance" pursuant to § 3161(h)(7)(A). *Id.* § 3161(h)(7)(B)(i)–(iv). Moreover, the Third Circuit has explained that, when granting a continuance pursuant to § 3161(h)(7)(A), "[a]lthough the district court may not merely incorporate by reference the reasons set out in the statute, it is not necessary for it to articulate facts which are obvious and are set forth in the motion for the continuance itself." *United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992).

Finally, "[i]f a defendant is not brought to trial within the time limit required by [§] 3161(c) as extended by [§] 3161(h)," the Speedy Trial Act mandates that "the information or indictment shall be dismissed on motion of the defendant." *Id.* § 3162(a)(2).

### B. Parties' Arguments

Carothers's central argument in moving to dismiss the Indictment pursuant to the Speedy Trial Act is that the 70-day period by which Carothers should have been brought to trial expired on February 22, 2023. (ECF No. 172 ¶ 19). As such, Carothers argues, the Indictment must be dismissed upon his Motion pursuant to § 3162(a)(2). (*Id.* ¶ 20). Carothers arrives at that conclusion by arguing as follows.

Carothers first recognizes that the Speedy Trial Act excludes delays resulting from the filing of a pretrial motion through the disposition of such motion, 18 U.S.C. § 3161(h)(1)(D), but that the Act also excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court[,]" *id.* § 3161(h)(1)(H). (ECF No. 172 ¶ 13).

Relying upon *United States v. Noble*, Carothers argues that when §§ 3161(h)(1)(D) and 3161(h)(1)(H) are read together, "'time is excluded under subsection (D) from the filing of the motion through responses to the conclusion of any hearing on that motion, at which time, subsection (H) is triggered and up to thirty (30) days are excluded while the motion is under advisement by the court.'" (ECF No. 172 ¶ 14) (citing 509 F. Supp. 3d 399, 405–06 (W.D. Pa. 2020)). "'If there is not a hearing,'" Carothers posits, "'then the motion is under advisement per subsection (H) as soon as the responses/replies are filed and the motion is then ripe for resolution.'" (*Id.*).

Carothers notes that he filed his Reply to the Government's Response in Opposition to Carothers's still-pending Motion to Dismiss Count IV of Indictment on November 14, 2023. (*Id.* ¶ 9). He contends that once he filed his Reply, subsection (H) of the Speedy Trial Act was triggered, and that thirty days of delay thereafter would be excluded while the motion was under advisement. (*Id.* ¶ 17). Thus, by Carothers's telling, "the Speedy Trial clock began to run again on December 14, 2023"—or thirty days after he filed his Reply. (*Id.* ¶ 18). The seventy days within which Carothers was to be brought to trial under the Speedy Trial Act, Carothers argues, expired on February 22, 2024, or seventy days after December 14, 2023.

The Government, for its part, argues that Carothers's "analysis is incorrect, and not controlling." (ECF No. 183 at 2). While Carothers's case remained joined with Waulk, the Government contends, "the time excludable to defendant Waulk[] was also controlling for [] Carothers[,]" because the Third Circuit has "held that when time is excludable as to one defendant, the time is excludable to the co-defendant." (*Id.*).

**C.  Analysis**

"In ruling on a defendant's motion to dismiss" pursuant to the Speedy Trial Act, "the [C]ourt must tally the unexcluded days" that are included on the Speedy Trial clock and count towards the seventy-day limit. *Zedner v. United States*, 547 U.S. 489, 507 (2006); *see also Noble*, 509 F. Supp. 3d at 405. "This, in turn, requires identifying the excluded days." *Zedner*, 547 U.S at 507. The defendant bears the burden of proof supporting a motion to dismiss pursuant to the Speedy Trial Act. 18 U.S.C. § 3162(a)(2).

The thrust of Carothers's argument is that thirty days after his Motion to Dismiss Count IV of Indictment became ripe, the Speedy Trial clock began to run, and the seventy-day window in which the Act mandates he be brought to trial therefore expired in late February of this year. In making this argument, Carothers relies primarily on *United States v. Noble*, 509 F. Supp. 3d 399 (W.D. Pa. 2020).

But Carothers's reliance on *Noble* is misplaced, as *Noble* dealt with a single-defendant case. 509 F. Supp. 3d at 401–02. In that circumstance, the *Noble* court properly concluded that ninety-four non-excludable days elapsed from the end of the thirty-day excludable period during which a pretrial motion was under advisement and the next intervening excludable event or tolling order, and therefore dismissed the Indictment. *Id.* at 407, 416.

Here, however, until the Court recently granted Carothers's (second) Motion to Sever on April 5, 2024, (ECF No. 175), Carothers was joined for trial with his co-Defendant, Waulk. And § 3161(h)(6) excludes a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Moreover, as the Government points out, the Third Circuit has interpreted this provision to mean that "after defendants are joined for trial, 'an exclusion applicable to one

defendant applies to all codefendants[.]'" *United States v. Novak*, 715 F.2d 810, 815 (3d Cir. 1983) (quoting *United States v. Edwards*, 627 F.2d 460, 461 (D.C. Cir. 1980)).

With this principle in mind, the Court turns to tallying the non-excludable days that have accumulated throughout the life of this case.

As previously noted, the Indictment charging both Carothers and Waulk was docketed on December 1, 2020, (ECF No. 1), but both Defendants had their initial appearances and arraignments on January 13, 2021. (ECF Nos. 21, 27). There, both Defendants pleaded not guilty. (ECF Nos. 22, 28).

"In any case in which a plea of not guilty is entered," the seventy-day Speedy Trial clock begins to run "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such a charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Thus, the Speedy Trial clock would have begun to run in this case on January 13, 2021, when both Defendants initially appeared and were arraigned. *See United States v. Carrasquillo*, 667 F.2d 382, 384 (3d Cir. 1981) ("[W]hen there is no [pre-indictment] appearance because an information or indictment is the first step in a criminal case, then postindictment arraignment will be the relevant 'last occurring date'" upon which the Speedy Trial clock begins to run).

However, the day of their initial appearances and arraignments, both Defendants orally moved to extend the time within which to file their pretrial motions, which Judge Pesto granted that same day, extending the time for filing such motions to March 1, 2021. (ECF Nos. 24, 30). Judge Pesto also ordered "that the extension of time caused by this continuance from January 13, 2021, through March 1, 2021, is excludable delay under the Speedy Trial Act[.]" (*Id.*). Judge Pesto

found "that the ends of justice served by granting this extension outweigh[ed] the best interest of the public and the defendant to a speedy trial," since "the failure to grant such a continuance would deny counsel for the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence." (*Id.*) (citing 18 U.S.C. §§ 3161(h)(7)(a) and 3161(h)(7)(B)(iv)).

Thus, the Speedy Trial clock did not run for either Defendant during the period between Defendants' initial appearances and arraignments on January 13, 2021, and the date to which the pretrial motions deadline was extended, March 1, 2021. *See Lattany*, 982 F.2d at 876, 879 (finding that an Order excluding time because "the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial" because the continuance was "necessary to permit effective preparation of trial" was "sufficient to justify" the continuance).

Nine days after Defendants initially appeared and were arraigned, on January 22, 2021, the Court issued a Pre-Trial Order, setting trial for March 2, 2021. (ECF No. 31). That original trial date, which was forty-eight days from Defendants' initial appearances and arraignments, fell squarely within the 30–70-day window contemplated by the Speedy Trial Act.

On February 3, 2021, however, the Court issued an Amended Pre-Trial Order, continuing trial to May 3, 2021. (ECF No. 33). That continuance was "in light of Chief Judge Hornak's Administrative Order Concerning Jury Trials and Certain Other Proceedings Relative to COVID-19 Matters (No. 2:20-mc-394, ECF No. 19, updated as of February 2, 2021)[.]" (*Id.* at 1). Pursuant to § 3161(h)(7)(A), the Court deemed the time from February 3, 2021, through May 3, 2021, excludable delay, finding that the extension of time was necessary "to address the reasonably anticipated difficulties in defense counsel communicating or visiting with the Defendant and the

inherent delay in scheduling of trial as a consequence of the exclusion period set forth in the Administrative Order."[1] (*Id.*).

Chief Judge Hornak's Administrative Order also mandated that "the time period of March 13, 2020 through May 3, 2021 shall be 'excluded time' under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action substantially outweigh the interests of the parties and the public in a speedy trial, for all of the reasons set forth" in the thirteen-page Order. (2:20-mc-394, ECF No. 19 at 10). Therefore, the time from January 13, 2021, through May 3, 2021, constituted excludable delay under the Speedy Trial Act.

Beginning with May 3, 2021, either Carothers or Waulk has moved the Court to continue Defendants' trial twelve times. The Court has granted each Motion through an Amended Pre-Trial Order. In each Order, the Court explicitly excluded the delay caused by continuing trial pursuant to § 3161(h)(7)(B)(iv) and explained its reasoning for doing so. A specific accounting of each Order granting either Carothers or Waulk's motion to continue trial, along with the time period deemed excludable therein, is as follows:

- Pursuant to both Defendants' Joint Oral Motion to Continue Trial, made at the pretrial conference on April 7, 2021, (ECF No. 39), the Court issued an Amended Pretrial Order that same day, **excluding the time between April 7, 2021, and August 16, 2021**, the new date set for trial. (ECF No. 40).

- Pursuant to both Defendants' Joint Oral Motion to Continue Trial, made at the pretrial conference on July 9, 2021, (ECF No. 43), the Court issued an Amended Pretrial Order on July 13, 2021, **excluding the time between July 9, 2021, and October 25, 2021**, the new date set for trial. (ECF No. 44).

---

[1] Chief Judge Hornak's Order mandated that "criminal case jury trials in the Western District of Pennsylvania scheduled to begin (or which are to be scheduled to begin) before **May 3, 2021** are continued pending further Order of the Court." (No. 2:20-mc-394, ECF No. 19 at 7) (emphasis in original). Thus, with trial in the present case originally scheduled for March 2, 2021, (ECF No. 31), the Court was compelled to continue Defendants' trial by Chief Judge Hornak's Order.

- Pursuant to Waulk's "Motion to Postpone and/or Reschedule Pretrial Conference and Trial[,]" filed on September 16, 2021, (ECF No. 51), the Court issued an Amended Pretrial Order the next day, **excluding the time between September 17, 2021, and January 24, 2022**, the new date set for trial. (ECF No. 52).[2]

- Pursuant to Carothers's Motion to Continue Pretrial Conference, (ECF No. 59), and Motion to Continue Trial, (ECF No. 60), both filed on December 15, 2021, the Court issued an Amended Pretrial Order the next day, **excluding the time between December 16, 2021, and April 25, 2022,** the new date set for trial. (ECF No. 62).[3]

- Pursuant to Carothers's Motion to Continue Pretrial Conference and Trial, (ECF No. 65), filed on March 15, 2022, the Court issued an Amended Pretrial Order the same day, **excluding the time between March 15, 2022, and August 8, 2022,** the new date set for trial. (ECF No. 66).[4]

- Pursuant to Waulk's Motion to Continue Pretrial Conference and Trial, (ECF No. 82), filed on July 6, 2022, the Court issued an Amended Pretrial Order the next day, **excluding the time between July 7, 2022, and November 7, 2022,** the new date set for trial. (ECF No. 85).[5]

- Pursuant to Waulk's Motion to Continue Pretrial Conference and Trial, (ECF No. 92), filed on September 28, 2022, the Court issued an Amended Pretrial Order on September 30, 2022, **excluding the time between September 29, 2022, and February 6, 2023,** the new date set for trial. (ECF No. 95).[6]

- Pursuant to Waulk's Motion to Continue Pretrial Motions, Pretrial Conference, and Trial, (ECF No. 109), filed on November 30, 2022, the Court issued an Amended Pretrial Order the next day, **excluding the time between December 1, 2022, and May 22, 2023,** the new date set for trial. (ECF No. 110).[7]

---

[2] The Court notes that this 91-day continuance of trial was in accordance with Waulk's request that "trial be extended 90 days[.]" (ECF No. 51 at 2).

[3] The Court notes that this 91-day continuance of trial was in accordance with Carothers's request for "an Order continuing the January 24, 2022 Trial for 90 days." (ECF No. 60 at 2).

[4] The Court notes that this 105-day continuance of trial was in accordance with Carothers's request that trial be continued "for 90 days[,]" along with the Court's trial schedule. (ECF No. 65 at 2).

[5] The Court notes that this continuance of trial to November 7, 2022, was in accordance with Waulk's request that "trial" be continued "until November 2022[.]" (ECF No. 82 at 2).

[6] The Court notes that this 91-day continuance of trial to February 6, 2023, was in accordance with Waulk's request that "trial" be continued "until January 202[3], or until a date deemed more suitable by this Court." (ECF No. 92 at 2).

[7] The Court notes that this 105-day continuance of trial was in accordance with Waulk's request that trial be continued "for 90 days[,]" along with the Court's trial schedule. (ECF No. 109 at 3).

- Pursuant to Waulk's Motion to Continue Pretrial Conference, Pretrial Motions, and Trial, (ECF No. 120), filed on April 14, 2023, the Court issued an Amended Pretrial Order the same day, **excluding the time between April 14, 2023, and August 7, 2023,** the new date set for trial. (ECF No. 121).[8]

- Pursuant to Waulk's Motion for Extension of Time to File Pretrial Motions and Continue Pretrial Conference and Trial, (ECF No. 126), filed on July 1, 2023, the Court issued an Amended Pretrial Order on July 5, 2023, **excluding the time between July 1, 2023, and November 13, 2023,** the new date set for trial. (ECF No. 127).[9]

- Pursuant to Waulk's Motion for Extension of Time to File Pretrial Motions, and to Continue Pretrial Conference and Trial, (ECF No. 146), filed on October 2, 2023, the Court issued an Amended Pre-Trial Order the next day, **excluding the time between October 3, 2023, and February 5, 2024,** the new date set for trial. (ECF No. 150).[10]

- Pursuant to Waulk's Motion for Extension of Time to File Pretrial Motions, and to Continue Pretrial Conference and Trial, (ECF No. 163), filed on December 20, 2023, the Court issued an Amended Pre-Trial Order the next day, **excluding the time between December 21, 2023, and June 17, 2024,** the new date set for trial. (ECF No. 165).[11]

As the above accounting makes clear,[12] due to Defendants moving multiple times to continue trial in this matter, and in conjunction with (1) Judge Pesto's initial Order excluding the

---

[8] The Court notes that this 77-day continuance of trial was in accordance with Waulk's request that trial be continued "for 90 days[,]" along with the Court's trial schedule. (ECF No. 120 at 2).

[9] The Court notes that this 98-day continuance of trial was in accordance with Waulk's request that "the time for filing pretrial motions be extended 90 days . . . and the Pretrial Conference and Trial to follow thereafter." (ECF No. 126 at 2).

[10] The Court notes that this 84-day continuance of trial was in accordance with Wualk's request that "the time for filing pretrial motions be extended 90 days . . . and the Pretrial Conference and Trial to follow thereafter." (ECF No. 146 at 2).

[11] The Court notes that this 133-day continuance of trial was in accordance with Waulk's request that "the time for filing pretrial motions be extended 90 days . . . or a date deemed more appropriate by this Honorable Court, and the Pretrial Conference and Trial to follow thereafter[,]" along with the Court's trial schedule. (ECF No. 163 at 2).

[12] The Court notes that the bulleted accounting of its Amended Pretrial Orders granting Defendants' motions to continue trial is not an exhaustive list of excludable time in this matter pursuant to the Speedy Trial Act. For example, on numerous occasions, the Court granted either Waulk or Carothers's motions for extension of time to file pretrial motions, excluding the delay caused by granting those motions in each Order issued. (*See, e.g.*, ECF Nos. 42, 53, 58,69, 79, 90, 94, 151). By way of another example, the Court granted Waulk's Motion to Determine Competency of Defendant, (ECF No. 88), which also produced excludable time pursuant to the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(A) (excluding "delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant").

delay caused by granting Defendants' oral motions for extensions of time to file pretrial motions, (ECF No. 30), and (2) the Court's first Amended Pretrial Order excluding the delay pursuant to Chief Judge Hornak's Administrative Order regarding COVID-19, (ECF No. 33), the Court has properly excluded the time between Defendants' initial appearances and arraignments on January 13, 2021, and the most recent joint trial date, June 17, 2024, pursuant to the Speedy Trial Act.[13] Accordingly, at the time of writing this Opinion, zero non-excludable days have accumulated in this matter for Speedy Trial Act purposes.

Carothers, in his Motion to Dismiss, focuses on the seventy-day period between December 14, 2023, and February 22, 2023—arguing that these seventy days were non-excludable and therefore the Speedy Trial clock expired on the latter date. (ECF No. 172 ¶¶ 18–20). But that seventy-day period was excludable time pursuant to the Court's Amended Pretrial Orders at ECF Nos. 150 and 165, which together properly excluded the time between October 3, 2023, and June 17, 2024, pursuant to § 3161(h)(7)(B)(iv).

In sum, because (at the time of writing) there have been zero non-excludable days throughout the life of this matter under the Speedy Trial Act, the Court finds that Carothers's

---

[13] The Court notes that the Amended Pretrial Order at ECF No. 165, which contained the most recent joint trial date of June 17, 2024, was terminated on April 5, 2024, by the Court's separate Pretrial Orders for each Defendant, (ECF Nos. 176, 177), which were issued after the Court granted Carothers's Motion to Sever. (ECF No. 175). As previously noted, Carothers's trial, independent from his former co-Defendant, Waulk, is currently scheduled for May 20, 2024. (ECF No. 177). Pursuant to §§ 3161(h)(1)(D) and 3161(h)(1)(H), after the Government filed its Response to Carothers's Motion to Dismiss on April 15, 2024, (ECF No. 183), therefore rendering the Motion ripe for disposition, thirty days of excludable time follows, until May 15, 2024. Even assuming without deciding that the five days between May 15, 2024, and Carothers's trial date of May 20, 2024, are non-excludable under the Speedy Trial Act, that total of five non-excludable days remains far short of the 70-day period contemplated by the Speedy Trial Act.

"Motion to Dismiss (Speedy Trial)[,]" (ECF No. 172), carries no weight and will therefore be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-31-2 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| DERIK CAROTHERS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, to wit, this 22nd day of April, 2024, upon consideration of Defendant Derik Carothers's "Motion to Dismiss (Speedy Trial)[,]" (ECF No. 172), and for the reasons espoused in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that said Motion is **DENIED**.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**