IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-31-2 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| DERIK CAROTHERS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

### I.    Introduction

Pending before the Court is Defendant Derik Carothers's ("Carothers") "Motion for Release on Bond[.]" (ECF No. 169). For the reasons that follow, the Court will **DENY** Carothers's Motion at ECF No. 169.

### II.    Background

On December 1, 2020, a Federal Grand Jury indicted Carothers and his then co-Defendant, Isiah Waulk ("Waulk"). (ECF No. 1). Count One of the Indictment charges Carothers and Waulk with conspiracy to distribute and possess with intent to distribute a quantity of cocaine base, in the form commonly known as crack, a Schedule II controlled substance. (*Id.* at 1); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. Count Two charges Carothers and Waulk with possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 1 at 2); 18 U.S.C. § 924(c)(1)(A)(i). At Counts Three and Four, Waulk and Carothers, respectively, are separately charged with possession of a firearm and ammunition by a convicted felon. (ECF No. 1 at 3–4); 18 U.S.C. § 922(g)(1).

Carothers and Waulk both had their initial appearances and arraignments before Magistrate Judge Keith A. Pesto ("Judge Pesto") on January 13, 2021. (ECF Nos. 21, 27). There, both pleaded not guilty to the charges against them in the Indictment. (ECF Nos. 22, 28).

That same day, Judge Pesto entered an "Order of Detention Pending Trial[,]" (ECF No. 29), explaining that Carothers was then serving a "state sentence until 2023." (*Id.* at 3). Judge Pesto ordered that Carothers be "detained on this [federal] charge to assure his appearance at trial [and] to facilitate trial counsel's access to" him. (*Id.*). "If release becomes possible," Judge Pesto noted, "a hearing will be promptly scheduled." (*Id.*).

Carothers filed a "Motion for Detention Hearing[,]" (ECF No. 124), on June 22, 2023. By that point, Carothers had "maxed out his state sentence" and was no longer detained. (*Id.* ¶ 4). Carothers argued in his Motion that he should be granted release on bond because: (1) he "is a lifelong resident of the Western District of Pennsylvania;" (2) his "family resides in the Western District of Pennsylvania;" and (3) the Court "would be able to fashion conditions which would reasonably assure his appearance as required and the safety of any person and the community." (*Id.* ¶ 6).

Judge Pesto granted Carothers's Motion for Detention Hearing on June 27, 2023, initially scheduling a detention hearing for June 28, 2023. (ECF No. 125). However, as the docket reflects, Carothers's detention hearing was rescheduled for July 6, 2023.

At the July 6, 2023, detention hearing, Judge Pesto ordered Carothers released on bond, reasoning that the Government had not shown by clear and convincing evidence that Carothers posed a danger to the community that cannot be controlled by appropriate conditions of release. (ECF No. 128). The same day as the hearing, the Government filed a "Notice of Appeal from

Order of Pretrial Release and Motion for De Novo Hearing Before District Court for Revocation of Order of Release[,]" (ECF No. 129), which prompted Judge Pesto to stay his decision pending appeal. The Court granted the Government's Motion on July 7, 2023, scheduling a de novo detention hearing for August 1, 2023. (ECF No. 130).

The Government filed a "Motion for Continuance" on July 31, 2023, (ECF No. 133), explaining that an "essential witness for the government is unavailable on the scheduled date" for Carothers's hearing. (*Id.* ¶ 6). The Court granted the Government's Motion on August 2, 2023, rescheduling the de novo detention hearing for August 8, 2023. (ECF No. 134). Carothers's hearing was held that day. (ECF No. 136). And on August 28, 2023, Carothers filed a "Brief in Opposition to the Government's Request for Detention[.]" (ECF No. 139).

On October 17, 2023, by way of a sixteen-page Memorandum Opinion, this Court reversed Judge Pesto's Order directing Carothers's release. (ECF No. 153). The Court began by recognizing that because Carothers's case involved an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, there was a rebuttable presumption in favor of Carothers's pretrial detention pursuant to 18 U.S.C. § 3142(e)(3)(A)–(B). (*Id.* at 4).

The Court then carefully considered the factors set forth in 18 U.S.C. § 3142(g) and found that they weighed in favor of Carothers's detention. (*Id.*). Specifically, the Court found that "[e]ven assuming Carothers proffered sufficient evidence to rebut the presumption in favor of detention, the Government has produced clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community of Carothers were released." (*Id.* at 15).

Moreover, Carothers filed a Motion to Sever on January 26, 2024. (ECF No. 167). The Court granted that Motion on April 5, 2024. (ECF No. 175).

On January 29, 2024, Carothers filed his Motion for Release on Bond. (ECF No. 169). The Court issued an Order that same day setting the Government's response deadline for February 10, 2024. (ECF No. 171). That deadline came and went without a response from the Government. The Government ultimately filed its Response in Opposition on April 4, 2024. (ECF No. 174). Carothers filed a Reply on April 15, 2024, (ECF No. 182), arguing that the Court "should not consider" the Government's "extremely late-filed response." (*Id.* ¶ 7). The Court will address that objection below.

## III.   Standard of Review

As reflected by the factual background above, Carothers has already participated in an initial detention hearing before Judge Pesto, (ECF No. 128), and a de novo detention hearing before this Court, (ECF No. 136). In his Motion for Release on Bond, Carothers argues, *inter alia*, that such relief is warranted because the delays caused by his former co-Defendant Waulk "deny him due process." (ECF No. 169).

The Third Circuit has recognized that "at some point due process may require a release from pretrial detention," and "a determination under the Bail Reform Act that detention is unnecessary is without prejudice to a defendant petitioning for release at a subsequent time on due process grounds." *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986). When considering a motion to reconsider a previous order of detention, the Court must consider "the factors relevant in the initial detention determination, such as the seriousness of the charges, the strength of the government's proof that defendant poses a risk of flight or a danger to the

community, and the strength of the government's case on the merits[.]" *Id.* The Court must also

consider "the length of detention that has in fact occurred, the complexity of the case, and whether

the strategy of one side or the other has needlessly added to the complexity." *Id.; see also United*

*States v. Suppa,* 799 F.2d 115, 120 (3d Cir. 1986) (explaining that the length of detention is critical

due to the "crucial liberty interest at stake").

## IV.    Discussion

### A.    Carothers's Arguments

Carothers argues that he should be released on bond for the five following reasons: (1) his

case "does not involve a crime of violence;" (2) he "is a lifelong resident of the Western District

of Pennsylvania;" (3) his "family resides within the Western District of Pennsylvania;" (4) the

Court "would be able to fashion conditions which would reasonably assure his appearance as

required and the safety of any person and the community;" and (5) keeping him "detained for

more than ten months following the resolution of his pretrial motions, and in the face of co-

defendant's continual delays, while [he] is ready, willing and able to proceed to trial works to

unfairly prejudice him and deny him due process." (ECF No. 169 ¶ 10).

The Government offered arguments of its own in its Response in Opposition, (ECF No. 174),

but as previously explained, Carothers objects to consideration of the Government's Response as

it was filed well past the Court-imposed filing deadline. (ECF No. 182). Because of Carothers's

objection, as well as the fact that the Court deems it appropriate to deny his Motion even without

considering the Government's response, the Court need not, and does not, take the Government's

Response into account in analyzing Carothers's Motion.

### B.    Factors Relevant in the Initial Detention Determination

Carothers's first four arguments go towards the § 3142(g) factors the Court considered when addressing the issue of Carothers's detention in the first instance.[1]

Indeed, the argument that Carothers's case did not involve a crime of violence speaks to § 3142(g)(1)'s focus on "the nature and circumstances of the offense charged[.]" 18 U.S.C. § 3142(g)(1); *see also id.* (directing a court to consider "whether the offense is a crime of violence"). Carothers's arguments that he is a lifelong resident of, and that his family resides within, the Western District of Pennsylvania fall within the ambit of § 3142(g)(3), which directs the Court to consider Carothers's history and characteristics, including Carothers's "family ties" and "length of residence in the community[.]" *Id.* § 3142(g)(3)(A). And the argument that the Court can fashion conditions that would reasonably assure Carothers's appearance in court and the safety of the community invokes § 3142(g)'s overarching inquiry—"whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" *Id.* § 3142(g).

Carothers has neither pointed to any new evidence nor offered any changed circumstances that would alter the Court's initial analysis of the § 3142(g) factors. *Cf., e.g., United States v. Harris,* No. 09-CR-305, 2011 WL 1660573, at *14 (W.D. Pa. May 3, 2011) (Conti, J.) (analyzing the defendant's motion for reconsideration of a prior order of detention under *Accetturo* considering "the defendant's newly discovered evidence"). Nonetheless, pursuant to the Third Circuit's directive in *Accuttero,* the Court reiterates its findings with respect to "the factors relevant in the

---

[1] As the Court previously alluded to, the first four arguments Carothers makes in his Motion for Release on Bond are identical to the four arguments asserted by Carothers in his initial Motion for Detention Hearing. (*Compare* ECF No. 124 ¶ 6(a)–(d) *with* ECF No. 169 ¶ 19(a)–(d)).

initial detention determination[,]" which likewise apply to Carothers's pending Motion. 783 F.2d at 388.

### 1.    The Rebuttable Presumption in Favor of Detention

Because Carothers is charged in the Indictment with "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[,]" as well as a separate "offense under [18 U.S.C.] section 924(c)," there is a rebuttable presumption in favor of pretrial detention. 18 U.S.C. § 3142(e)(3)(A)–(B). To rebut this presumption, Carothers "must produce some credible evidence forming the basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The Court must consider the factors delineated in 18 U.S.C. § 3142(g) to determine whether the defendant rebutted the presumption of detention, including:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of a sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's pretrial release.

18 U.S.C. § 3142(g).

In its October 17, 2023, Memorandum Opinion, the Court considered the evidence presented by Carothers at the de novo detention hearing to rebut the presumption in favor of detention, including: (1) Carothers's lifelong residency in the Western District of Pennsylvania, (2) his family's presence in the Western District of Pennsylvania, and (3) Carothers's community ties. *United States v. Carothers*, No. 20-CR-31, 2023 WL 6847586, at *6–9 (W.D. Pa. Oct. 17, 2023). Carothers re-raises his lifelong residency and family's presence in the Western District of Pennsylvania in his pending Motion, but the Court's conclusion remains the same:

> Considering Carothers's relatively light burden of production, this evidence may be sufficient to rebut the statutory presumption regarding danger to the community. However, even assuming the foregoing evidence rebutted the presumption in this case, the Government has persuaded the Court with clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community if Carothers were to be released.

*Id.* at *9 (citing *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994); *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986)).

### 2. The § 3142(g) Factors

As the Court noted in its prior Opinion, assuming Carothers rebutted the presumption in favor of pretrial detention, "'the burden of persuasion remains with the government.'" *Id.* at *5 (quoting *Chagra*, 850 F. Supp. at 357). The Government is required to prove (1) that Carothers poses a flight risk by a preponderance of the evidence, or (2) that Carothers is a danger to the safety of any other person and/or the community by clear and convincing evidence. *Id.* at *5–6. The § 3142(g) factors guide the Court's analysis on this score.

The Court previously found, upon consideration of the evidence proffered at Carothers's de novo detention hearing before this Court and the entirety of the record in this matter, that the

§ 3142(g) factors weighed in favor of Carothers's detention. *Id.* at *18. This was (and remains) so because "[e]ven assuming Carothers proffered sufficient evidence to rebut the presumption in favor of detention, the Government has produced clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Carothers were released." *Id.* at *18–19.

With respect to the first factor, the nature and circumstances of the offenses charged, the Court reiterates that Carothers is charged with offenses that involve both a controlled substance and the possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 1 at 1–2); *see* 18 U.S.C. § 3142(g)(1) (directing the court to consider "whether the offense . . . involves [a] . . . controlled substance [or] firearm"). Indeed, Congress deems these offenses serious, as they both carry a presumption of detention pursuant to § 3142(e)(3)(A)–(B). The Court acknowledges Carothers's correct argument that his present offenses do not involve a crime of violence, but because this has been true throughout the Court's analysis of Carothers's detention, this factor continues to weigh in favor of Carothers's detention.

The second § 3142(g) factor—the weight of the evidence against Carothers—likewise continues to weigh in favor of his detention. As the Court outlined in its previous Opinion, the Government proffered evidence that Carothers fled police at ninety miles-per-hour, with his minor sister and former co-Defendant Waulk in the vehicle, before crashing into a median. *Carothers*, 2023 WL 6847586, at *11 (citing ECF No. 138 at 4–5). Law enforcement retrieved three hand guns—one of which was specifically attributed to Carothers, as he was allegedly reaching for the firearm when officers tried to extract him from the vehicle—an AR-15 style rifle,

ammunition, a quantity of crack cocaine, a digital scale, a ski mask, and a bullet proof vest from the vehicle. *Id.* (citing Government's Exhibits 3, 5–7; ECF No. 138 at 13–15).

Moreover, the Court recognized Carothers's counter-arguments to the Government's proffered evidence, including that (1) the Government's witness was not present at the scene of the crash underlying Carothers's charges, (2) the video of the incident does not conclusively show Carothers reaching for a handgun, (3) one handgun was found in Waulk's waistband and the rifle was in the backseat where Waulk was located, and (4) a state officer testified at a preliminary hearing that the crack cocaine and digital scale were found on Waulk's person. *Id.* at *12–13.

The Court notes, as it did initially, that the evidence presented by the Government leaves some questions unanswered. *Id.* at *13. However, it remains the case that none of Carothers's arguments "detract from the fact that [he] was fleeing police in a vehicle that contained narcotics and multiple firearms accompanied by ammunition." *Id.* Moreover, Carothers's indictment is sufficient to support a finding of probable cause for the three offenses charged. *Id.* at *14 (citing *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986)). Because Carothers has pointed to no new facts or evidence that would alter the Court's conclusion as to the second § 3142(g) factor, this factor weighs in favor of Carothers's continued detention.

Regarding the third factor, Carothers's history and characteristics, the Court notes at the outset that it considered Carothers's arguments that he is lifelong resident of the Western District of Pennsylvania, and that his family continues to reside in that District, during its initial analysis. *See id.* at *17–18. Though Carothers once again asserts these arguments, the Court remains convinced that, on balance, the third factor weighs in favor of Carothers's detention.

For example, the Court previously outlined Carothers's "substantial criminal history[,]" which included offenses such as robbery, assault, conspiracy to commit burglary, possession of firearms not to be carried without a license (twice), and possession of a controlled substance. *Id.* at \*14. The Court also found "particularly troubling" the fact that two of Carothers's previous offenses were committed while he was released on bail, and Carothers was serving a sentence of parole/probation when he was indicted in the present case. *Id.* at \*15. The Court also noted that the Government proffered evidence that Carothers was involved in a "fight that was initiated by intent of stabbing" while incarcerated in 2021. *Id.* at \*16 (citing ECF No. 138 at 16–17; Government's Exhibit 2). Finally, the Court explained that it was troubled by Carothers's lack of an employment history. *Id.* at \*17.

Because Carothers has offered nothing to alter the Court's initial conclusion, it remains the case that although Carothers's lifelong residence in the Western District of Pennsylvania and his family ties to the area "slightly favor[] his release, those facts do not outweigh the extensive criminal history, lack of employment history, and the fact that he was serving a sentence of parole/probation when he was charged in the underlying [I]ndictment in this case." *Id.* at \*18. Accordingly, this factor continues to weigh in favor of Carothers's detention.

Finally, the weight of the fourth factor—the nature and seriousness of the danger to the community—remains slanted towards Carothers's detention. The Court reiterates that Carothers's possession of a firearm in this case "'creates a very serious risk of danger when combined with drug trafficking.'" *Id.* (quoting *United States v. Pride*, No. 16-CR-88, 2020 WL 421310, at \*12 (W.D. Pa. Jan. 27, 2020); *see also United States v. Jeffries*, No. 14-CR-106, 2016 WL

1741380, at *6 (W.D. Pa. May 3, 2016) ("[T]he combination of drugs and guns constitutes a very serious danger to the community[.]").

In sum, in the absence of newly presented evidence or changed circumstances going towards the considerations embodied in the § 3142(g) factors, the Court's initial conclusion after Carothers's de novo detention hearing remains the same. The Court again finds, upon consideration of Carothers's pending Motion and the record in this matter, that the Government has produced clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Carothers were released. The § 3142(g) factors thus continue to support Carothers's detention.

### C.   *Accetturo* Factors

"[D]ue process judgments should be made on the facts of individual cases[.]" *Accetturo*, 783 F.2d at 388. Applying the *Accetturo* factors to Carothers's case, and considering the arguments advanced in his pending Motion for Release on Bond, the Court holds that there remains reason to conclude that no condition or combination of conditions will reasonably assure the safety of the community if Carothers were released. The Court addresses each *Accetturo* factor in turn.

Regarding "the seriousness of the charges" against Carothers, *id.* at 388, and as the Court previously explained, the fact that Carothers's charges are undeniably serious remains true. Carothers's charged offenses include conspiracy to distribute and possess with intent to distribute a quantity of cocaine base and possession of firearms in furtherance of a drug trafficking crime. (ECF No. 1 at 1–2); *see United States v. Burnett*, No. 16-CR-185, 2019 WL 109333, at *20 (W.D. Pa. Jan. 4, 2019) (explaining that the defendant had been indicted for "two very serious offenses"— conspiracy to distribute and possess with intent to distribute a controlled substance and

possession of a firearm in furtherance of that crime). This factor therefore weighs in favor of Carothers's continued detention.

With respect to "the strength of the government's proof that [Carothers] poses a risk of flight or a danger to the community," *Accetturo*, 783 F.2d at 388, the Court points to its re-analysis of the nature and seriousness of the danger to the community above. *See infra* Section IV.B.2. Because Carothers has failed to point to evidence or circumstances that would alter the Court's analysis on this score, and because firearms in conjunction with drug trafficking pose a significant danger the community, this factor likewise weighs in favor of Carothers's detention.

The Court's consideration of "the strength of the government's case on the merits[,]" *Accetturo*, 873 F.2d at 388, leads to the same conclusion. Unlike defendants in other cases, *see generally Harris*, 2011 WL 1660573, Carothers has offered the Court no new evidence that would cast doubt on the strength of the Government's case against him. Thus, the Court's conclusion that the strength of the Government's evidence against Carothers favors his detention remains, and this factor weighs in favor of Carothers's detention.

Finally, the Court turns to "the length of detention that has in fact occurred, the complexity of the case, and whether the strategy of one side or the other has needlessly added to the complexity" of the case. *Accetturo*, 783 F.2d at 388. The only new argument Carothers advances in his Motion falls under this factor—that the "continual delays, while [he] is ready, willing and able to proceed to trial work[] to unfairly prejudice him and deny him due process." (ECF No. 169 ¶ 10).

Carothers states that he "has been detained since January 13, 2021." (*Id.* ¶ 7). He also notes that as of the time of the de novo detention hearing before this Court, he had been detained

"approximately 31 months." (*Id.*). Further, Carothers explains that, upon a motion by then co-Defendant Waulk, the joint trial was rescheduled to June 17, 2024, and by that time Carothers will have been "detained in excess of 41 months." (*Id.* ¶ 8). Finally, Carothers argues that it has been more than ten months since his initial pretrial motions were resolved, "yet we are no closer to trial." (*Id.* ¶ 9).

The Court notes that Carothers is generally correct in that he has been detained since January 13, 2021, for a total of just over thirty-nine months as of this Opinion's writing. This is, at first blush, an undoubtedly extensive period of detention.

However, as Judge Pesto noted during Carothers's initial appearance and arraignment on January 13, 2021, Carothers was, at that time, "serving a state sentence until 2023[.]" (ECF No. 29 at 3). Judge Pesto's Order did state that Carothers "is detained on this charge[,]" but such a "federal detainer is required to ensure that the defendant is turned over to federal authorities upon his release from state custody." *United States v. Martin*, No. 15-CR-2-1, 2018 WL 5983011, at *3 (M.D. Tenn. Nov. 14, 2018). And a federal detainer does not "transform[] state custody into federal custody by operation of law." *Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir. 1992). Indeed, because Carothers's state sentence precluded his release, Judge Pesto explained at the time of Carothers's initial appearance that a detention hearing regarding Carothers's federal charges would be scheduled "[i]f release becomes possible[.]" (ECF No. 29 at 3).

Carothers filed a "Motion for Detention Hearing" on June 22, 2023. (ECF No. 124). The Motion explained that "Carothers has now maxed out his state sentence, and is no longer detained therefor." (*Id.* ¶ 4). Thus, using the date of Carothers's Motion as a benchmark, Carothers has been in federal custody pursuant to the pending charges in this matter for approximately ten

months.[2] This length of federal pretrial detention does not outweigh the factors, analyzed above, that continue to favor Carothers's detention. *See, e.g., United States v. Nikparvar-Fard*, No. 18-CR-101, 2021 WL 2160545, at *18–19 (E.D. Pa. May 26, 2021) (recognizing that the defendant's twenty-eight month pretrial detention was extensive, but nonetheless finding that "continued detention is not inappropriate under the circumstances" because the defendant was "charged with a serious set of charges" and "no evidence ha[d] been presented . . . that would permit [the court] to amend its previous factual findings" regarding detention).

Turning to the complexity of the case, the Court notes that this two-Defendant matter centered around a four-Count Indictment is not particularly complex on its face. This factor, therefore, may weigh in favor of Carothers's release.

Moreover, although there has been delay in this case, the Court cannot find that "the strategy of one side or the other has needlessly added to the complexity" of this matter. *Accetturo*, 783 F.2d at 388. Indeed, the delay in this case has been almost exclusively attributable to motions to continue filed by either Carothers or Waulk.

The first trial date in this case was continued due to complications caused by the COVID-19 pandemic on February 3, 2021. (ECF No. 33). Afterwards, Carothers and his then co-Defendant Waulk jointly moved to continue trial on April 7, 2021. (ECF No. 39). Another joint motion to continue trial was orally made on July 9, 2021. (ECF No. 43). Waulk filed his own motion to

---

[2] Even assuming that the appropriate length of detention to consider is thirty-nine months, courts have found that similar periods of detention do not warrant release where the other factors continue to weigh in favor of detention. *See, e.g., United States v. Noble*, No. 17-CR-05, 2020 WL 3487845, at *12–14 (W.D. Pa. June 26, 2020) (denying a defendant's motion to reconsider a prior detention order where the defendant had been detained for forty-one months because the Court concluded that "no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released pending trial").

continue trial on September 16, 2021, (ECF No. 51), and Carothers filed two subsequent motions to continue trial on December 15, 2021, and March 15, 2022, respectively, (ECF Nos. 59, 65). Since then, Waulk has filed seven motions to continue trial. (ECF Nos. 82, 92, 109, 120, 126, 146, 163).

Carothers also filed several pretrial motions on November 10, 2022, which required responses from the Government. (ECF Nos. 96–106, 108). The Court addressed each Motion by way of a Memorandum Opinion on March 2, 2023. (ECF No. 113). On September 12, 2023, Carothers filed a "Motion for Leave to File Supplemental Pretrial Motion Pursuant to *Bruen* and *Range*[,]" (ECF No. 142), which the Court granted the following day. (ECF No. 143). Carothers then filed a Motion to Dismiss Count 4 of the Indictment, (ECF No. 149), which became ripe on November 14, 2023, (ECF No. 156). The Court addressed that Motion in an April 22, 2024, Memorandum Opinion. (ECF No. 185).

With the exception of the Government's appeal to this Court from Judge Pesto's Order releasing Carothers, (ECF No. 129), and its motion to continue the de novo detention hearing, (ECF No. 133), the Government has primarily filed responses to Carothers's Motions. Accordingly, neither party can be said to have "needlessly added to the complexity" of the present case. *Accetturo*, 783 F.2d at 388.

Although Carothers, in his Motion for Release on Bond, points to his "co-defendant's continual delays" as a reason supporting his release, that Motion was filed before the Court granted Carothers's Motion to Sever and accordingly set two separate trial dates for each individual Defendant. (ECF Nos. 175, 176, 177). Carothers is now scheduled to go to trial on May 20, 2024. (ECF No. 177).

In sum, the Court finds that the *Accetturo* factors—on balance—weigh in favor of Carothers's continued detention. This is especially so considering that Carothers has been severed from his former co-Defendant, Waulk, and is scheduled for an independent trial on May 20, 2024. This conclusion, in conjunction with the Court's analysis above finding that the remaining factors to be considered continue to weigh in favor of Carothers's detention, compels the Court to deny Carothers's pending Motion for Release on Bond at ECF No. 169.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-31-2 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| DERIK CAROTHERS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**AND NOW**, to wit, this 26th day of April, 2024, upon consideration of Defendant Derik Carothers's "Motion for Release on Bond[,]" (ECF No. 169), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that said Motion is **DENIED.**

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE