IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-31-2 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| DERIK CAROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I. Introduction

Pursuant to its authority under Federal Rule of Criminal Procedure 14(a), and for the reasons below, the Court elects to *sua sponte* bifurcate the Counts of Defendant Derik Carothers's ("Mr. Carothers") trial in this matter. Specifically, the Court will conduct Mr. Carothers's trial such that, in Phase One ("Phase I") of the trial, the jury will determine whether Mr. Carothers is innocent or guilty with respect to the offense at Count One ("Count I") of the Indictment. After the jury reaches its conclusion regarding that offense, the Court will conduct Phase Two ("Phase II") of the trial. During Phase II, the jury will determine whether Mr. Carothers is innocent or guilty of the offenses charged at Count Two ("Count II") and Count Four ("Count IV") of the Indictment.

II. Background

On December 1, 2020, a Federal Grand Jury indicted Mr. Carothers and his then co-Defendant, Isiaha Waulk ("Mr. Waulk"). (ECF No. 1). Count I of the Indictment charges Mr. Carothers and Mr. Waulk with conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, in the form

commonly known as crack, a Schedule II controlled substance. (*Id.* at 1); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. Count II charges both Mr. Carothers and Mr. Waulk with possession of firearms in furtherance of a drug trafficking crime, namely the offense at Count I of the Indictment. (ECF No. 1 at 2); 18 U.S.C. § 924(c)(1)(A)(i). Finally, Count IV charges Mr. Carothers with possession of firearms and ammunition by a convicted felon, listing three prior convictions. (ECF No. 1 at 4); 18 U.S.C. § 922(g)(1).

On January 26, 2024, Mr. Carothers filed a Motion to Sever the Indictment such that his trial and Mr. Waulk's trial would occur separately. (ECF No. 167). The Court granted that Motion on April 5, 2024. (ECF No. 175). Further, on August 7, 2024, the Court denied the Government's Motion to Re-Consolidate Mr. Carothers's and Mr. Waulk's cases for trial, stating that the two "Defendants shall remain severed for trial." (ECF No. 236 at 1). Accordingly, Mr. Waulk's trial is currently scheduled to commence on October 21, 2024, (ECF No. 213 at 1), and Mr. Carothers's trial is currently scheduled to commence on September 9, 2024. (ECF No. 212 at 1). However, the Government has moved to continue Mr. Carothers's trial, and that Motion remains pending. (ECF No. 237).

In anticipation of Mr. Carothers's trial, the Court has conducted two Pretrial Conferences that are especially relevant to the issue of bifurcation.

The Court conducted the first such Pretrial Conference on May 3, 2024. (ECF No. 188; ECF No. 189; ECF No. 191 at 1). Present at that Conference were Mr. Carothers; his attorney at that time, Michael DeMatt; and counsel for the Government, Michael Mitchell. (ECF No. 191 at 1). During the Conference, Attorney DeMatt:

> [R]aised the issue of bifurcating [Mr. Carothers's] offenses for trial. After some discussion of potential alternatives and how bifurcation would operate in practice, both parties told the Court that they are not opposed to bifurcating the offenses were this case to proceed to trial. The parties explained that they would discuss the issue further and inform the Court as to any agreement reached.

(*Id.* at 1–2). Attorney DeMatt and Attorney Mitchell did not inform the Court of any agreement between the parties, and, on May 13, 2024, the Court granted Attorney DeMatt's Motion to Withdraw as Counsel to Mr. Carothers. (ECF No. 195).

After the Court appointed Attorney Linda Cohn to represent Mr. Carothers, (ECF No. 197), the Court conducted another Pretrial Conference on August 7, 2024. (ECF No. 240). Mr. Carothers, Attorney Cohn, and Attorney Mitchell were all present. (*Id.* at 1). During the Conference, the Court indicated to the parties that it would bifurcate the Counts for Mr. Carothers's trial, and that it would issue an Order explaining that decision. (*Id.* at 2).

### III. Legal Standard

Federal Rule of Criminal Procedure 14(a) provides that if the "joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The Court may act *sua sponte* under Rule 14(a). *United States v. Woodson*, No. 09-CR-117, 2013 WL 3229936, at *2 (D. Del. June 26, 2013) ("The Court may grant severance *sua sponte* [under Rule 14(a).]") (citing *United States v. Cianciulli*, 476 F. Supp. 845 (E.D. Pa. 1979) (ordering *sua sponte* severance of trial of multiple defendants, "pursuant to the express and inherent judicially created powers under Fed.R.Crim.P. 14"); *United States v. Archie*, 452 F.2d 897, 899 (3d Cir. 1971) (finding no abuse of discretion in failure to sever *sua sponte*).

The Third Circuit has recognized that a defendant charged with possessing a firearm and or/ammunition as a felon may be prejudiced at trial as to the other counts when evidence of his prior conviction(s) is introduced. *United States v. Busic*, 587 F.2d 577, 585 (3d Cir. 1978), *rev'd on other grounds* by 446 U.S. 398 (1980). Accordingly, in *Busic*, the Third Circuit indicated that when ruling:

> [O]n a pre-trial motion to sever [counts in an indictment] the district court should determine whether evidence of the prior convictions would be independently admissible on the other counts. If it is determined that the convictions would not be admissible on the other counts [, such] that were these counts to be tried alone the jury would not hear this evidence[,] then severance should be granted.

*Id.* The Third Circuit also noted how a district court had used bifurcation, rather than severance, as an approach to the "problem" of handling a prior felony conviction. *Id.* (relaying how the district court, on a motion for severance, conducted a two-stage trial, "whereby the jury, having reached a verdict on the other counts, would then proceed to consider the counts requiring proof of prior convictions").

In *United States v. Joshua*, the Third Circuit upheld a district court's decision to bifurcate rather than sever a felon in possession charge from the other charges in the indictment. 976 F.2d 844, 847–48 (3d Cir. 1992), *abrogated on other grounds* by *Stinson v. United States*, 508 U.S. 36 (1993). The Third Circuit concluded that the bifurcation procedure:

> [A]dopted by the district court … strikes an appropriate balance between the concern about prejudice to the defendant and considerations of judicial economy. Our concern in *Busic* was that the necessity of introducing evidence of the defendant's criminal record in order to prove the weapons possession charge would prejudice the defendant during the jury's deliberations on other counts. The bifurcated trial procedure adopted here addresses that concern. The defendant's criminal past is not made known to the jury until after they have reached a verdict with respect to the other charges. At the same time, this procedure is considerably

more efficient than conducting an entire new jury trial on the weapon possession charge at a later date.

*Id.* at 848. The *Joshua* court further explained that the district court did not err in denying severance because the defendant had not shown a "substantial potential for prejudice." *Id.; see also United States v. Jacobs*, 44 F.3d 1219, 1221–22 (3d Cir. 1995) (calling the severance language in *Busic* "dictum" and noting that the *Joshua* court specifically approved the bifurcation approach).

Following *Busic* and *Joshua*, courts in this circuit "have opted to bifurcate the counts for trial when evidence of prior convictions was not admissible as to the other counts. Conversely, courts have refused to either sever or bifurcate when evidence of the prior offenses could be admitted at trial on the other counts." *United States v. Stanton*, No. 11-CR-57, 2013 WL 529930, at *4 (W.D. Pa. Feb. 11, 2013) (internal quotation marks and citations omitted).

IV.     Discussion

At this stage in this case, the Court does not have before it a Motion by Mr. Carothers to bifurcate the charges against him for trial. Therefore, the Court must first determine whether to consider the issue of bifurcation *sua sponte*.

In making that determination, the Court reiterates the fact that a defendant charged with possessing a firearm(s) and/or ammunition as a felon may be prejudiced at trial as to the other counts when evidence of his prior conviction(s) is introduced. *Busic*, 587 F.2d at 585. Those exact factual circumstances are present here, which leads the Court to consider bifurcation on its own initiative pursuant to Rule 14(a).

Indeed, in this matter, Mr. Carothers is charged at Count IV with the crime of being a convicted felon in possession of firearms and ammunition. (ECF No. 1 at 4); 18 U.S.C. § 922(g)(1). To obtain a conviction at Count IV, the Government must prove beyond a reasonable doubt that:

> (1) [T]he defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) the defendant knowingly possessed or received a firearm [and ammunition]; (3) the defendant knew that he[] had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) the firearm [and ammunition] had previously passed in interstate commerce.

*Model Criminal Jury Table of Contents and Instructions*, UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT, Firearm Offenses (18 U.S.C. §§ 922, 924), pg. 16, https://www.ca3.uscourts.gov/model-criminal-jury-table-contents-and-instructions.; *United States v. Petersen*, 622 F.3d 196, 208 (3d Cir. 2010) ("We have a hard time concluding that the use of our own model jury instructions can constitute error."). Clearly, therefore, the elements of this offense will require introduction of evidence regarding Mr. Carothers's prior felony conviction(s). *United States v. Sussman*, 709 F.3d 155, 174 (3d Cir. 2013) (noting that, because a prior conviction is an element of the offense of being a felon in possession of a firearm, "[a district court errs where] it [does] not permit a stipulation with respect to the defendant's prior conviction to be admitted into evidence because to obtain a conviction the government [has] to prove all of the elements of the charged offense"); *United States v. Terry*, No. 3:18-CR-24, 2022 WL 819200, at *8 (W.D. Pa. Mar. 14, 2022).[1]

Further, Mr. Carothers is charged with two other offenses in this matter—the offense at Count I and the offense at Count II. *See supra* Section II.

---

[1] The Court notes that it is not presently ruling on the *manner* in which Mr. Carothers's prior conviction(s) is presented to the jury, or any other issue related to those convictions.

Accordingly, in light of: (1) the risk of prejudice to Mr. Carothers at Counts I and II from the introduction of his prior felony conviction(s) at Count IV, (2) the fact that Mr. Carothers has not requested severance of the Counts in this matter, (3) the fact that the Government did not oppose bifurcation, *see supra* Section II, and (4) the fact that this Court has previously deemed bifurcation a more appropriate measure than severance when considering charges such as those lodged against Mr. Carothers, the Court will *sua sponte* consider bifurcation in this matter. *See supra* Section III; *Terry*, 2022 WL 819200, at *4–6.

In light of that conclusion, the Court must determine whether to bifurcate Count IV from Count I and/or Count II. As the Court noted above, the relevant inquiry thus becomes whether Mr. Carothers's prior felony conviction(s) is admissible at Count I and Count II. *Stanton*, 2013 WL 529930, at *4.

Turning first to Count I, the Court reiterates that Mr. Carothers is there charged with conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a Schedule II controlled substance. (ECF No. 1 at 1); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. In spite of the issue of bifurcation being raised at two pretrial conferences, the Government has not offered the Court any indication that any of Mr. Carothers's prior felony convictions are admissible relative to Count I. (ECF Nos. 191, 240). Likewise, the Court cannot see any way in which any of those convictions are admissible at that Count. Therefore, the Court deems it appropriate to try Count I separately from Count IV. *Terry*, 2022 WL 819200, at *6.

Turning to Count II, Mr. Carothers is there charged with possession of firearms in furtherance of a drug trafficking crime, namely the offense at Count I of the Indictment. (ECF No.

1 at 2); 18 U.S.C. § 924(c)(1)(A)(i). In assessing whether Mr. Carothers's prior felony convictions are potentially admissible at Count II, the Court notes that evidence "is intrinsic [to an offense and therefore potentially admissible] if it 'directly proves' the charged offense." *United States v. Green*, 617 F.3d 233, 245, 248 (3d Cir. 2010) ("Extrinsic evidence must be analyzed under Rule 404(b); intrinsic evidence need not be."). In order to prove that Mr. Carothers committed the offense at Count II, one of the elements that the Government must establish beyond a reasonable doubt is that he possessed a firearm *in furtherance of a drug trafficking offense. United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004). And, whether a defendant possessed a firearm legitimately or illegally is one factor that a jury can consider in deciding if the defendant possessed the firearm in furtherance of a drug trafficking crime. *Id.*

Given these principles, if the jury concludes, based on Mr. Carothers's prior felony conviction(s), that he is guilty as charged at Count IV, his unlawful possession of the firearm at Count II is a fact that helps to directly prove the offense charged at that Count.[2] Therefore, the Court finds that Mr. Carothers's prior felony conviction(s) are intrinsic evidence at Count II and thus potentially admissible. *Green*, 617 F.3d at 248; *see also Terry*, 2022 WL 819200, at *5; *Stanton*,

---

[2] The Indictment indicates that Mr. Carothers possessed firearms in furtherance of a drug trafficking crime (Count II) on the same date that he committed the offense of being a felon in possession of firearms and ammunition (Count IV)—October 20, 2019. (ECF No. 1 at 2, 4). Further, the Forfeiture Allegations indicate that the same firearms are referenced at Counts II and IV. (*Id.* at 6–7). Accordingly, the Court understands the Grand Jury to have found that Counts II and IV refer to the same firearms.

2013 WL 529930, at *5.[3] Accordingly, the Court holds that it is appropriate to have the jury decide Mr. Carothers's innocence or guilt relative to the offenses at Counts II and IV at the same time.[4]

In light of the foregoing, the Court will bifurcate the trial in this matter such that the jury will decide Mr. Carothers's innocence or guilt relative to Count I during Phase I of the trial. During Phase I of the trial, the Government may not introduce evidence of any of Mr. Carothers's prior felony convictions. *Terry*, 2022 WL 819200, at *8.

After the jury returns its verdict relative to Count I, which will conclude Phase I of the trial, the trial will proceed to Phase II. During Phase II, the jury will decide Mr. Carothers's guilt or innocence relative to Counts II and IV.[5] During that phase of the trial, the Government may introduce evidence of Mr. Carothers's prior felony conviction(s).[6]

Before concluding, the Court stresses that it has expressly considered whether to bifurcate the elements of Count IV, such that the jury would first hear evidence and determine whether Mr. Carothers knowingly possessed firearms and ammunition that traveled in interstate

---

[3] The Court's conclusion regarding admissibility is made solely with an eye toward bifurcation, and it is likewise made without any specific challenge by Mr. Carothers to the admissibility of his prior felony conviction(s). Therefore, the Court confines its holding to the *potential* admissibility of that evidence. *United States v. Haas*, 184 F. App'x 230, 234 (3d Cir. 2006) ("[W]e emphasize the even 'intrinsic' evidence is subject to Rule 403 balancing.").

[4] Of course, if the Government elects, prior to trial, to refrain from introducing evidence of Mr. Carothers's prior felony conviction(s) relative to Count II, Mr. Carothers may move the Court to bifurcate Count II from Count IV.

[5] The Court must have the jury decide whether Mr. Carothers is guilty of the offense at Count I before deciding his guilt or innocence at Count II because whether Mr. Carothers committed the offense at Count I is an element of the offense at Count II. (ECF No. 1 at 1–2); *Terry*, 2022 WL 819200, at *5.

[6] The Court reiterates that this holding is limited to the issues currently before the Court—the Court is not presently resolving any future challenge that Mr. Carothers may lodge relative to the introduction of one or more of his prior convictions.

commerce, and then hear evidence and determine whether he had a previous felony conviction(s) and knew of that conviction(s). Upon consideration, and for the reasons this Court articulated in *Terry*, 2022 WL 819200, at *7, the Court will not bifurcate the elements of Count IV during Mr. Carothers's trial. Indeed, as the Third Circuit explained in *United States v. Higdon*: "Possession of a firearm is not only legal for most people—it is a constitutional right. It would cause undue confusion to have a jury first determine whether [a defendant] in fact possessed the firearm" and then have that jury determine whether that individual possessed a firearm after receiving (and knowing of) a prior felony conviction. 493 F. App'x 261, 263 (3d Cir. 2012) (internal citations omitted). If the Court were to proceed in such a manner, a "reasonable juror would properly question *why* [the defendant's] possession was criminal." *Id.* (emphasis in original). Accordingly, during Phase II of the trial in this matter, the jury will simultaneously determine Mr. Carothers's innocence or guilt with respect to the entirety of Counts II and IV.

Finally, insofar as the parties wish to better understand how the Court will conduct trial in this matter given bifurcation, the Court refers the parties to another case in which it conducted a bifurcated trial, *United States v. Terry*, Case No. 3:18-CR-24-1, as well as the Third Circuit's Model Criminal Jury Instruction 6.18.922G-1 (specifically Alternative Two, which is the option that the Court will follow in this case).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-31-2 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| DERIK CAROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, to wit, this ___23rd___ day of August, 2024, pursuant to its authority to act *sua sponte* under Federal Rule of Criminal Procedure 14(a), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Defendant Derik Carothers's trial in this matter shall be **BIFURCATED**.

Specifically, the jury will decide Mr. Carothers's innocence or guilt relative to Count I during Phase I of the trial. During that Phase of the trial, the Government may not introduce evidence of any of Mr. Carothers's prior felony convictions.

After the jury returns its verdict relative to Count I, which will conclude Phase I of the trial, the trial will proceed to Phase II. During Phase II, the jury will decide Mr. Carothers's guilt or innocence relative to Counts II and IV. During that Phase, the Government may introduce evidence of Mr. Carother's prior felony convictions.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE