IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 3:20-cr-31 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| DERIK CAROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is Defendant Derik Carothers's ("Mr. Carothers") Request for Service of Subpoena *Duces Tecum* Pursuant to Rule 17(b) and 17(c) of the Federal Rules of Criminal Procedure (the "Request"). (ECF No. 264). Mr. Carothers requests to subpoena documents within the Pennsylvania State Police's ("PSP") possession that regard seven PSP officers. The Government has filed its opposition to the Request (ECF No. 267), and the issue is ripe for disposition. For the following reasons—namely, because Mr. Carothers provides the Court with no justification as to why his Request should be granted—the Request is **DENIED**.

### II. Background

On October 4, 2024, Mr. Carothers filed the Request. (ECF No. 264). Therein, Mr. Carothers "request[ed] an order permitting a representative of the Federal Public Defender's Office to issue and serve a subpoena on the Commissioner of the [PSP], Custodian of Records for the records listed in the attached schedule." (*Id.* at 1). The "attached schedule" requested: "[A]ll documents reflecting or regarding any disciplinary actions or allegations of misconduct pertaining to the following [PSP] officers: (1) Corporal Jeremy Bowser; (2) Corporal Randy Orlic;

(3) Trooper Thomas Dubovi; (4) Trooper Nathanial Weitzell; (5) Trooper Jordan Smith; (6) Trooper Kevin Goss; and (7) Trooper Mitchell Fetterman." (*Id.*; ECF No. 264-1 at 2).

On October 7, 2024, the Government responded in opposition. (ECF No. 267). The Government argued that this Court should deny the Request "[b]ecause the subpoena requested is impermissibly broad[] and is beyond the scope of the discovery rules." (*Id.* at 1). The Government provided six specific reasons for its opposition, including that Mr. Carothers did not meet the showing necessary for a pre-trial production. (*Id.* at 4–5). The Court's analysis focuses on whether Mr. Carothers satisfied the requirements for a pre-trial production.

### III.   Analysis

Mr. Carothers provides no justification for his Request. (*See generally* ECF No. 264). According to the Government, "while the court may authorize the production to the Court (not the defense) in advance of trial, the defendant has the burden of establishing good cause for the early production," and "[Mr. Carothers] did not demonstrate 'good cause.'" (ECF No. 267 at 4–5). The Court agrees with the Government's position in that Mr. Carothers failed to satisfy the requirements for a pre-trial production under Federal Rule of Criminal Procedure 17(c).

Relevant to the present matter, Federal Rule of Criminal Procedure 17(c)(1) provides:

> (1) *In General.* A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

"Rule 17(c) was not intended to provide an additional means of discovery." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). "Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Id.* "[I]n

order to require [a Rule 17(c)] production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (quoting *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)). Stated differently, Mr. Carothers is required to show "(1) relevancy[,] (2) admissibility[, and] (3) specificity." *Id.* at 700.

In this case, Mr. Carothers has offered no argument much less shown that these three requirements are satisfied. Therefore, the Court will deny his request. *See United States v. Merlino*, No. A 99-cr-0363, 2001 WL 283165, at *6–*7 (E.D. Pa. Mar. 19, 2001) (denying the defendants' request for a Rule 17(c) subpoena because, although the request contained argument regarding (1) relevancy, (2) admissibility, and (3) specificity, the defendants nonetheless failed to meet their burden in showing the evidence requested met these requirements; rather, the court found that the defendants were on a "fishing expedition" for impeachment material, which does not ripen into "evidence" for the purposes of Rule 17(c) until the witness actually testifies).[1]

---

[1] Pursuant to Section II.B. of the *Practices and Procedures of Judge Kim R. Gibson*, "[w]ith the exception of replies to the opposing party's submission under Local Rule 56.D [(related to summary judgment motions)], *reply briefs* and sur-replies *are not to be filed without leave of Court*. Replies and sur-replies are limited to 10 pages." (emphasis added). Here, without leave, Mr. Carothers filed a Reply to the Government's Response (which also is longer than 10 pages). (ECF No. 291). Because Mr. Carothers did not request leave to file his Reply, the Court does not consider the argument therein.

Even if the Court did consider the argument in Mr. Carothers's Reply, the argument nonetheless fails. Mr. Carothers's Reply illustrates that his Request appears to be a "fishing expedition" for possible

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Mr. Carothers's Request for Service of Subpoena *Duces Tecum* Pursuant to Rule 17(b) and 17(c) of the Federal Rules of Criminal Procedure. An appropriate Order follows.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

---

impeachment testimony—i.e., material that is outside the scope of Rule 17(c)'s purpose. *Cf. United States v. Mills*, No. 17-cr-122, 2018 WL 1382647, at *5 (W.D. Pa. Mar. 19, 2018) ("In addition to the general lack of specificity, [the subpoena] requests are denied because the real value of a potential witness's employment file is for impeachment purposes but 'impeachment materials do not ripen into "evidence" for the purposes of Rule 17(c) until such time as a witness actually testifies.'" (quoting *United States v. Brown*, No. 11-cr-193, 2012 WL 1655733, at *1 (W.D. Pa. May 10, 2012))). For example, Mr. Carothers states, "[t]o the extent disciplinary records exist as to the identified officers who will testify at trial, their content would be reasonably likely to contain *Brady* and *Giglio* material that Mr. Carothers is entitled to present at trial to challenge the 'bias and credibility' of the witnesses they pertain to[.]" (ECF No. 291 at 7; *see also id.* at 8 ("Such evidence is likely to be admissible at trial as, at least, impeachment evidence on cross-examination[.]")). Additionally, Mr. Carothers's argument regarding standing is unavailing because the Court's disposition of this issue would remain the same with or without the Government's Opposition to the Request.

Finally, the Court notes that Mr. Carothers implies that the moving party must make the showing of relevancy, admissibility, and specificity "in response to a proper motion to quash filed by a party with standing" and need not make that showing in its initial request. (*Id.* at 6). Neither case Mr. Carothers cites stands for this proposition; both cases simply state that the burden is on the moving party to make the showing—i.e., the cases do not specify that such showing is to be made only in a reply to a motion to quash. *Nixon*, 418 U.S. at 699 (stating that "the moving party must show" (1) relevancy, (2) admissibility, and (3) specificity); *United States v. Davitashvili*, No. 21-cr-255, 2022 WL 1265819, at *3 (E.D. Pa. Apr. 28, 2022) ("The party seeking production bears the burden of proof."); *see also Brown*, 2012 WL 1655733, at *1 ("Whether presented to the court as a request for quashal or issuance of a subpoena, the burden is on the party seeking the subpoena *duces tecum* to show that he or she is entitled to production of the evidentiary objects which are the subject of the subpoena."); *Mills*, 2018 WL 1382647, at *3 (same) (quoting *Brown*, 2012 WL 1655733, at *1).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:20-cr-31 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| DERIK CAROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 15th day of October, 2024, upon consideration of Defendant Derik Carothers's Request for Service of Subpoena *Duces Tecum* Pursuant to Rule 17(b) and 17(c) of the Federal Rules of Criminal Procedure (ECF No. 264), and in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that Defendant's Request is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE