IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:20-cr-31 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| DERIK CAROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is the Government's Motion to Exclude Defendant's Expert Testimony or, in the Alternative, for a Continuance (the "Motion") (ECF No. 307). The Government moves to have Defendant Derik Carothers's ("Mr. Carothers") proposed expert, Donald Scott Lucas ("Mr. Lucas"), excluded pursuant to Federal Rule of Criminal Procedure 16 because Mr. Carothers's notice of expert testimony is (i) untimely and (ii) inadequate. Due to the time-sensitive nature of the Motion—as trial is currently set begin on the next business day—the Court rules on the Government's Motion alone. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### II. Background

On October 11, 2024, by email communication, Mr. Carothers, through counsel, informed the Government that he intended to call the Chief Technical Officer of PATC Tech (a forensic investigation company), Glenn K. Bard ("Mr. Bard"), as an expert witness with experience in computer and cell phone forensics. (ECF No. 292). As of 2:36 PM on October 15, 2024, the Government had yet to receive Mr. Carothers's expert disclosure of Mr. Bard, and thus the Government filed a Motion to Compel. (*Id.*).

In Mr. Carothers's Response to the Motion to Compel, filed on October 16, 2024, he stated that "PATC informed counsel yesterday that … [Mr.] Bard[] is now unavailable to testify next week. In lieu of Mr. Bard's testimony, Mr. Carothers expects to call [Mr.] Lucas[.] … With respect to Mr. Lucas, Mr. Carothers provided the government with all of the expert disclosures required by Rule 16 today, October 16, 2024." (ECF No. 304 at 2).

Regarding disclosure's statement of opinions that the defendant will elicit from Mr. Lucas, which Rule 16 requires the disclosure of, Mr. Carothers only provided the following:

> Mr. Lucas will describe how he analyzed the forensic extractions of the cellular telephones seized in this case and will also describe data that can be recovered from the phones as well as data recovered from the seized phones. Specifically, he will testify about his analysis of the data contained on the phones and the methods he used to obtain any such data. He is expected to testify about the results of his review of the extraction of the phones for relevant images taken by the phones and relevant text messages sent and received by the phones (i.e., texts containing code names for controlled substances as identified by Agent Springmeyer and Josh Martin).

(ECF No. 307-1 at 1–2).

### III. Analysis

In relevant part, Federal Rule of Criminal Procedure 16 prescribes the following requirements for a defendant regarding the defendant's expert witnesses:

> (i) Duty to Disclose. At the government's request, the defendant must disclose to the government, in writing, the information required by (iii) for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705 during the defendant's case-in- chief at trial, if:
> - the defendant requests disclosure under (a)(1)(G) and the government complies; or
> - the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
>
> (ii) Time to Disclose. The court, by order or local rule, must set a time for the defendant to make the defendant's disclosures. *The time must be sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence.*

> (iii) Contents of the Disclosure. The disclosure for each expert witness must contain:
> - *a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;*
> - *the bases and reasons for them;*
> - the witness's qualifications, including a list of all publications authored in the previous 10 years; and
> - a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(b)(1)(C)(i)–(iii) (emphasis added). If a defendant fails to comply with Rule 16(b)(1)(C), a court may, *inter alia*, grant a continuance, prohibit that party from introducing the evidence, or enter any other order that is just under the circumstances. Fed. R. Crim. P. 16(d)(2).

The Third Circuit has upheld the exclusion of defense expert witnesses who were disclosed "three business days before jury selection." *United States v. Hoffecker*, 530 F.3d 137, 187 (3d Cir. 2008), *superseded in irrelevant part as noted by Rad v. Att'y Gen. United States*, 983 F.3d 651, 669 n.13 (3d Cir. 2020); *see also United States v. Petrie*, 302 F.3d 1280, 1283, 1288 (11th Cir. 2002) (finding the defendant's disclosure, which was provided on the Friday before the start of the Monday trial, to be untimely, and thus the court excluded the expert).

Here, the Court finds that Mr. Carothers's notice of a new expert and the disclosure of that expert, given three business days before the start of trial, was not provided "sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence." Fed. R. Crim. P. 16(b)(1)(C)(ii); *see Hoffecker*, 530 F.3d at 187. Further, the Court finds that the disclosure lacks "a complete statement of all opinions that the defendant will elicit form the witness" and "the bases and reasons for them." Fed. R. Crim. P. 16(b)(1)(C)(iii).

"In determining an appropriate remedy, a district court should consider the reasons for the party's delay in producing the materials, including whether it acted intentionally or in bad

faith, and the degree of prejudice to the opposing party." *United States v. Lee*, 573 F.3d 155, 161 (3d Cir. 2009). Here, the Court determines that the appropriate remedy is to grant the Government's continuance request and order Mr. Carothers to re-file a revised disclosure regarding Mr. Lucas's proposed testimony.

The Court recognizes that Mr. Bard's unavailability was not inherently Mr. Carothers's fault. Mr. Carothers has not acted intentionally or in bad faith. Moreover, the Court does not find that the Government will be prejudiced by the Court granting its alternative request for a continuance. Indeed, this remedy will permit the Government the time necessary to prepare for Mr. Lucas's testimony, while also avoiding the exclusion of one of Mr. Carothers's two proposed expert witnesses.

I.  **Conclusion**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Government's Motion to Exclude Defendant's Expert Testimony or, in the Alternative, for a Continuance (ECF No. 307). An appropriate Order follows.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 3:20-cr-31 |
| v. | ) | |
| | ) | JUDGE KIM R. GIBSON |
| DERIK CAROTHERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 18th day of October, 2024, upon consideration of the Government's Motion to Exclude Defendant's Expert Testimony or, in the Alternative, for a Continuance (ECF No. 307), and in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that the Government's Motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the extension of time caused by this continuance be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* Specifically, the Court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant to a speedy trial, 18 U.S.C. § 3161(h)(7)(A), because, for the reasons stated in the Government's Motion, the failure to grant such a continuance would deny counsel for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

**IT IS FURTHER ORDERED** that a Status Conference, with Defendant Derik Carothers present, is scheduled for **October 28, 2024, at 11:00 AM** in Courtroom A—Johnstown, before the undersigned. The Court intends to discuss rescheduling the trial at the Conference.

BY THE COURT:

_____
**KIM R. GIBSON
UNITED STATES DISTRICT JUDGE**